**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**SEAN SWAIN,**

      **Plaintiff,**

   **v.**

**DELMER NORRIS,** *et al.*,

      **Defendants.**

**Civil Action 2:26-cv-542**
**Judge Algenon L. Marbley**
**Magistrate Judge Chelsey M. Vascura**

**REPORT AND RECOMMENDATION**

Plaintiff, a state inmate who is proceeding without counsel, brings this civil rights action under 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation's ("ODRC") Security Threat Group ("STG") Coordinator, Delmer Norris, and Annette Chambers-Smith, the ODRC Director, alleging that Defendants' placement of him on ODRC's STG list violated his constitutional rights, as well as violated a number of state regulations. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915A(b)(1) for failure to state a claim on which relief may be granted.

**I.**

According to the Complaint, in 2010, Defendant Norris placed Plaintiff on the STG list and assigned him an STG profile as an "ANARCHIST." (Pl.'s Compl. ECF No. 1 at PAGEID # 5.) Plaintiff's STG designation "occurred without an accusation of misconduct or a finding that [Plaintiff] engaged in unauthorized group activities." (*Id.*). Rather, he was placed on the STG list because he stated that "he would prefer a world where human society was horizontally rather than vertically structured." (*Id.*) Plaintiff alleges that he has been a model inmate in all regards, noting his completion of rehabilitation programs, the degrees and certifications he has earned, and the absence of accusations of violence or substance abuse.

According to Plaintiff, Defendant Chambers Smith has approved of various Ohio Administrative Code ("OAC") provisions that set forth the administrative rules for group activities in prison. Plaintiff asserts that these various code provisions are unconstitutionally vague and fail to afford sufficient process to appeal an STG designation. For example, Plaintiff asserts that the OAC's definition of "unauthorized group activities" is unconstitutionally vague and fails to define STG or list groups that qualify as STGs and also that the OAC does not contemplate "an on-the-record hearing" or "appeal of the [STG] determination." (*Id*. at PAGEID ## 4-5.)  In terms of relief, Plaintiff seeks a declaration that Defendants violated his Constitutional and state-law rights, injunctive relief in the form of removing his STG designation, and monetary damages.

**II.**

Congress enacted 28 U.S.C. § 1915A as part of the Prison Litigation Reform Act in order to "discourage prisoners from filing [frivolous] claims that are unlikely to succeed." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998).  Congress directed the Courts to "review, before

docketing, if feasible or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In particular, subsection (b) provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or—
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Thus, § 1915A requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A).

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not

3

"suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up).

Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient

factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial

plausibility is established "when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The

plausibility of an inference depends on a host of considerations, including common sense and the

strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504

(citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than

formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612,

614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient

treatment, however, has limits; "courts should not have to guess at the nature of the claim

asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v.

Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

The undersigned construes Plaintiff's Complaint to advance claims against Defendants

for violation Plaintiff's rights under the United States Constitution under 42 U.S.C. § 1983, as

well as a number of state-law claims, arising out of his STG designation.  Plaintiff's federal

claims must be dismissed.

First, Plaintiff's § 1983 claims are time-barred. "In § 1983 suits, the applicable statute of

limitations is determined by state law, while the 'date on which the statute of limitations begins

to run . . . is a question of federal law.'" *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017)

(*quoting Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007)

(alteration in original)). Ohio Revised Code § 2305.10 sets forth a two-year statute of limitations

for § 1983 claims. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). That statute of

limitations "begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009). Plaintiff filed this action on May 5, 2026. Thus, claims accruing before May 5, 2024, would generally be untimely. Because Plaintiff's claims arise from his 2010 STG designation, his claims must be dismissed as time barred by the applicable two-year statute of limitations under § 1915(e)(2).

Second, even if his claims were not time barred, Plaintiff has failed state a viable federal constitutional claim arising from his STG designation. Notably, Plaintiff has not alleged that he has faced additional restrictions or hardships as a result of his STG designation. And the Sixth Circuit has determined that an inmate does not have a liberty interest in the procedures affecting an STG classification. *See Harbin-Bey v. Rutter,* 420 F.3d 571, 577 (6th Cir. 2005). In the absence of a protected liberty interest, a due process claim fails because "[p]rocess is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Thus, any due process claim premised upon his STG designation fails.  His conclusory assertions that his STG designation violated his First Amendment and Equal Protections rights likewise fail. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983.). *See also Washington v. Ramirez*, No. 1:25-CV-130, 2025 WL 653468, at *4 (W.D. Mich. Feb. 28, 2025) (dismissing equal protection claims premised upon STG designation as conclusory where the inmate failed to allege facts to "plausibly show that the others were similarly situated in all relevant respects").

**IV.**

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** all Plaintiff's federal claims pursuant to § 1915A.  Because the undersigned is recommending dismissal of all of Plaintiff's federal claims, it is further **RECOMMENDED** that the Court

5

decline to exercise supplemental jurisdiction over any remaining state-law claims and that it dismiss any such claims without prejudice to filing in state court.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

 /s/ *Chelsey M. Vascura* \
CHELSEY M. VASCURA \
UNITED STATES MAGISTRATE JUDGE

6