**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**SEAN SWAIN,**

**Plaintiff,**

**v.**

**DELMER NORRIS, *et al.*,**

**Defendants.**

**Civil Action 2:26-cv-542**
**Judge Algenon L. Marbley**
**Magistrate Judge Chelsey M. Vascura**

**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, Sean Swain, sues Defendants, Delmer Norris (Security Threat Group Coordinator for the Ohio Department of Rehabilitation and Corrections ("ODRC")) and Annette Chambers-Smith (ODRC Director), under various federal and state constitutional, statutory, and regulatory provisions in connection with his Security Threat Group ("STG") designation. On July 17, 2026, the undersigned issued a Report and Recommendation that recommended dismissal of Plaintiff's Complaint for failure to state a claim under 28 U.S.C. § 1915A. (ECF No. 3.) In addition to objecting to that Report and Recommendation, Plaintiff filed a Motion for Leave to File Amend Complaint. (ECF No. 5.) Because no Defendant has yet filed an answer, Plaintiff is permitted to amend his Complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1). Plaintiff's Motion to Amend Complaint is therefore **GRANTED**. And because the Amended Complaint replaces and supersedes Plaintiff's original Complaint, the July 17, 2026 Report and Recommendation (ECF No. 3) recommending dismissal of Plaintiff's original Complaint is **VACATED**.

Accordingly, this matter is now before the Court for the initial screen of Plaintiff's Amended Complaint (ECF No. 5-1) under 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's federal claims for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915A(b), and further **RECOMMENDS** that the Court dismiss Plaintiff's remaining state-law claims under 28 U.S.C. § 1367(c) without prejudice to re-filing in state court.

## I. BACKGROUND

Plaintiff adheres to the Future Primitivist faith. Part of his religious beliefs include that "he would prefer a world in which human society was structured horizontally rather than vertically," and that "every person is answerable directly to their Creator, such that voluntary submission to human authority is the equivalent of idol worship." (Am. Compl. ¶¶ 30, 36, ECF No. 5-1.) As a result of these beliefs, Defendant Norris placed Plaintiff on the Security Threat Group ("STG") list in 2010, designating Plaintiff as an "ANARCHIST," despite the absence of any misconduct or unauthorized group activity on Plaintiff's part. (*Id.* ¶ 30.) Plaintiff did not learn of his STG designation until 2026, when a corrections employee informed Plaintiff that ODRC's STG records identified Plaintiff as a non-US citizen subject to imminent deportation. Plaintiff contacted legal counsel and was able to avert his deportation. (*Id.* ¶¶ 42–43.) According to the same corrections employee, Plaintiff's STG designation was relied on, in part, to reclassify Plaintiff from Level 1 (minimum security) to Level 4 (maximum security) in 2022. (*Id.* ¶ 46.)

Finally, Plaintiff alleges that the parole board considered Plaintiff's STG designation when deciding to deny him parole in 2016 and 2021. (*Id.* ¶ 47.)

Plaintiff's Amended Complaint contains twenty-two counts, comprising claims under the Ohio Administrative Code (Counts I–X), claims under the Religious Land Use and Institutionalized Persons Act (42 U.S.C. §§ 2000cc, *et seq.*, "RLUIPA") (Counts XI, XVIII), and claims under 42 U.S.C. § 1983 for violation of Plaintiff's procedural due process (Counts XII–XV, XXI), substantive due process (Count XXII), free exercise (Counts XVI–XVII), and equal protection rights (Counts XIX–XX) under the First and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory, punitive, and nominal damages, as well as injunctive and declaratory relief.

## II. STANDARD OF REVIEW

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient

factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

## III. ANALYSIS

All of Plaintiff's federal claims must be dismissed. Consider first Plaintiff's RLUIPA claim (Counts XI, XVIII). RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to [a prison] . . . unless the government demonstrates that imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a). In other words, "[t]o establish a cognizable claim under RLUIPA, the inmate must first demonstrate that a prison policy substantially burdens a religious practice. . . . Once an inmate makes this showing, the prison policy survives only if it serves a compelling governmental interest in the least restrictive way." *Haight v. Thompson*, 763 F.3d 554, 559–60 (6th Cir. 2014). And "when prison officials place substantial pressure on an adherent to modify his behavior and to violate his beliefs, or effectively bar his sincere faith-based conduct, they necessarily place a substantial burden on it." *Id.* at 565 (cleaned up).

Here, Plaintiff has identified no such burden on his religious exercise. He complains that he was incorrectly given an STG designation, that he was transferred to a maximum security facility as a result, that he was almost erroneously deported, and that the parole board considered his STG status when denying him parole. But none of these incidents implicate Plaintiff's

religious exercise. He nowhere alleges that was restricted from practicing his religion in any way. And his conclusory allegation that Defendants maintain STG policies and Plaintiff's STG designation "in a manner that imposes a substantial burden on Plaintiff's sincere religious exercise as a Future Primitivist" (Am. Compl. ¶¶ 59, 67, ECF No. 5-1) is precisely the kind of "naked assertion devoid of further factual enhancement" that does not suffice to state a claim under *Iqbal*. *See* 556 U.S. at 678. Plaintiff has therefore failed to state a claim under RLUIPA.

Plaintiff's procedural due process claims (Counts XII–XV, XXI), free exercise claims (Counts XVI–XVII), and equal protection claims (Counts XIX–XX) also fail. As noted in the earlier Report and Recommendation:

> [T]he Sixth Circuit has determined that an inmate does not have a liberty interest in the procedures affecting an STG classification. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005). In the absence of a protected liberty interest, a due process claim fails because "[p]rocess is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Thus, any due process claim premised upon his STG designation fails. His conclusory assertions that his STG designation violated his First Amendment and Equal Protections rights likewise fail. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983.). See also *Washington v. Ramirez*, No. 1:25-CV-130, 2025 WL 653468, at *4 (W.D. Mich. Feb. 28, 2025) (dismissing equal protection claims premised upon STG designation as conclusory where the inmate failed to allege facts to "plausibly show that the others were similarly situated in all relevant respects").

(July 17, 2026 R. & R. 5, ECF No. 3.) The new allegations in Plaintiff's Amended Complaint do not cure these deficiencies. Plaintiff still lacks a liberty interest affected by his STG designation as would be necessary to state a procedural due process claim. *See Harbin-Bey*, 420 F. 3d at 577. He alleges no burden on his religious exercise as would be necessary to state a free exercise claim. *See*, *e.g.*, *Wilson v. N.L.R.B.*, 920 F.2d 1282, 1290 (6th Cir. 1990). And he does not allege the existence of any other similarly situated inmate who was treated more favorably as would be necessary to state an equal protection claim. *See*, *e.g.*, *Vill. of Willowbrook v. Olech*, 528 U.S.

562, 564 (2000). Although Plaintiff alleges that "[o]n information and belief, ODRC maintains no equivalent classification, list, or designation for prisoners who affirm the opposite viewpoint—that human society should be structured vertically or hierarchically" (Am. Compl. ¶ 31, ECF No. 5-1), these allegations are conclusory and do not plausibly establish that Defendants discriminated against Plaintiff on the basis of his religion. *See 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013) ("No doubt disparate treatment of similarly situated people may support an inference of discrimination. . . . But the plaintiffs have not identified any similarly situated individuals whom Flagstar treated better. They have merely alleged their 'belief' that such people exist. These 'naked assertions devoid of further factual enhancement' contribute nothing to the sufficiency of the complaint.") (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff's claim for violation of his substantive due process rights (Count XXII) fares no better. Substantive due process "bar[s] certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It "specifically protects those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997) (internal quotation marks and citations omitted). In other words, the substantive due process clause protects "the right not to be subjected to arbitrary and capricious government action that 'shocks the conscience and violates the decencies of civilized conduct.'" *Guertin v. State*, 912 F.3d 907, 917–18 (6th Cir. 2019) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)). In support of his substantive due process claim, Plaintiff relies only on

his erroneous designation as a foreign national subject to deportation. (Am. Compl. ¶ 71, ECF No. 5-1.) But Plaintiff's only allegations as to this erroneous designation are that

> STG Source informed Plaintiff that ODRC's STG records identified Plaintiff as a non-U.S. citizen originating from Indonesia, that this information had been forwarded to the Department of Justice, U.S. Immigration and Customs Enforcement, and the Department of Homeland Security, and that Plaintiff faced imminent deportation as a result. Plaintiff was born in Iowa and has never been to Indonesia.
>
> Because of STG Source's warning, Plaintiff was able to contact counsel and avert his deportation by a matter of weeks.
>
> Internal emails between Defendant Norris and ODRC employee Brian Wittrup, obtained through Public Records disclosure, corroborate this effort to identify Plaintiff to federal immigration authorities as a foreign national subject to removal.

(Am. Compl. ¶¶ 42–44, ECF No. 5-1.) These allegations plausibly allege that Plaintiff was incorrectly designated as a foreign national subject to deportation, and that Norris communicated with another ODRC employee about Plaintiff's immigration status. But they do not plausibly allege that Norris took any actions that were arbitrary or capricious or that shock the conscience. It could well be that Norris was provided incorrect information and did not intentionally misclassify Plaintiff as a foreign national. Without allegations to the contrary, Plaintiff fails to state a claim. *See Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. 580, 589–90 (2026) ("To nudge a claim across the line from conceivable to plausible, a plaintiff must plead facts that, if true, allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, and to rule out obvious alternative explanations for the defendant's conduct.") (cleaned up).

Finally, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's remaining state-law claims, all brought under the Ohio Administrative Code, in Counts I–X. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction."

The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (citations omitted). Here, Plaintiff's allegations pertaining to the Ohio Administrative Code fail to provide a basis for a claim over which this Court has original jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp*., 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction under § 1332(a), there must be complete diversity, meaning that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff's claims under the Ohio Administrative Code pertain squarely to state law and do not arise under federal laws or the United States Constitution. Nor has Plaintiff alleged that he and Defendants are citizens of different states. Thus, Plaintiff has failed to plausibly allege facts on which the Court could rely to conclude that this Court has original subject-matter jurisdiction over his state-law claims. Because the undersigned is recommending dismissal of all of Plaintiff's federal claims, it is further recommended that the Court decline to exercise supplemental jurisdiction over any remaining state-law claims and that it dismiss any such claims without prejudice to filing in state court.

## IV. DISPOSITION

The July 17, 2026 Report and Recommendation (ECF No. 3) is **VACATED**. Plaintiff's Motion to Amend Complaint (ECF No. 5) is **GRANTED**. The Clerk is **DIRECTED** to file on the docket Plaintiff's Amended Complaint, attached to his Motion at ECF No. 5-1.

For the reasons above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's federal claims for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915A(b), and it is further **RECOMMENDED** that the Court dismiss Plaintiff's remaining state-law claims under 28 U.S.C. § 1367(c) without prejudice to re-filing in state court.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE